UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**LEE ANTHONY BROWN,**

        **Plaintiff,**

v.                                                         Case No. 23-CV-497

**WARDEN CHERYL EPLETT,**
**SECURITY DIRECTOR TONEY,**
**and JOHN/JANE DOE,**

        **Defendants.**

---

## ORDER

---

    Plaintiff Lee Anthony Brown, who is confined at Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.). Brown also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.)

    The court has jurisdiction to resolve Brown's motion and screen the complaint in light of Brown's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Brown was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On April 18, 2023, Brown filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2) On April 20, 2023, the court ordered Brown to pay $25.88 as an initial partial filing fee by May 11, 2023. (ECF No. 6.) Brown paid the fee on May 2, 2023. The court will grant Brown's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

**SCREENING OF THE COMPLAINT**

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Brown's Allegations*

Brown alleges that on December 7, 2022, non-defendant Officer Neumier delivered him three pieces of legal mail. (ECF No. 1 at 2.) All three pieces of mail were opened and then taped back together, indicating that they were opened without Brown being present. (*Id.* at 2-3.) Brown also noticed that the letters were more than one month old. (*Id.* at 3.)

*Analysis*

Brown claims that his constitutional rights were violated when his legal mail was delayed and his legal letters were opened outside his presence. Prisoners have a "First Amendment right to both send and receive mail." *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). While this right is not unlimited and most mail is subject to examination to prevent contraband from entering the prison, a prisoner's legal mail "is entitled to greater protections because of the potential for interference with his right of access to the courts." *Id.* Where officers open a prisoner's legal mail outside of the prisoner's presence, they "potentially violate the inmate's rights" *Id.*

Brown may proceed on a claim against the John or Jane Doe officer who opened his mail outside his presence. He may not, however, proceed on a claim against Warden Cheryl Eplett or Security Director Toney. He does not include any allegations about what they did or did not do to interfere with his legal mail.

Brown also sues the defendants in their official capacities. A suit against a state official in his or her official capacity is a suit against the official's office. As such, it is no different than a suit against the state itself. *Will v. Mich. Dep't of*

4

*State Police*, 491 U.S. 58, 71 (1989). Brown's official capacity claims against the defendants are therefore claims against the state. When a plaintiff seeks damages rather than injunctive relief, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* Because Brown seeks only damages against the defendants, he may not proceed against them in their official capacities.

Because the only remaining defendant is a John or Jane Doe defendant, the court will retain Warden Cheryl Eplett as a defendant for the limited purpose of helping Brown identify the name of the Doe defendant. Eplett does not have to respond to the complaint. After Eplett's attorney files an appearance, Brown may serve discovery on Eplett to get information that will help him identify the name of the Doe defendant. Eplett does not have to answer discovery on any other topic. After Brown learns the name of the Doe defendant, he must file a motion identifying who that person is. At that time the court will dismiss Eplett as a defendant. Brown must identify the name of the John or Jane Doe defendant within 60 days of Eplett's attorney appearing in the case. If he does not, or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. Civil L.R. 41(c).

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Brown's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant Security Director Toney is **DISMISSED**.

**IT IS FURTHE ORDERED** that Cheryl Eplett remains a defendant for the limited purpose of helping Brown identify the John or Jane Doe defendant.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on Warden Cheryl Eplett. It is **ORDERED** that, Eplett does not have to respond to the complaint; however, she shall respond to discovery requests that Brown serves in an effort to identify the Doe defendant's name. Eplett does not have to respond to discovery requests about any other topic.

**IT IS FURTHER ORDERED** that Brown must identify the John or Jane Doe defendant's real name within 60 days of Eplett's attorney filing an appearance in this case. If Brown does not identify the Doe defendant's name by the deadline, or advise the court why he is unable to do so, the court may dismiss this case based on his failure to diligently prosecute it.

**IT IS FURTHER ORDERED** that the agency having custody of Brown shall collect from his institution trust account the $324.12 balance of the filing fee by collecting monthly payments from Brown's prison trust account in an amount equal to 20% of the preceding month's income credited to Brown's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Brown is transferred to another county, state, or federal institution, the transferring

institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Brown is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Brown is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Brown is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Brown's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Brown may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 2nd day of June, 2023.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge