UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────────────────────────

**LEE ANTHONY BROWN,**

                **Plaintiff,**

v.                                  **Case No. 23-CV-497**

**WARDEN CHERYL EPLETT,** *et al.***,**

                **Defendants.**

─────────────────────────────────────────────────────────────────

### DECISION AND ORDER

─────────────────────────────────────────────────────────────────

On January 17, 2024, the court dismissed the case because *pro se* plaintiff Lee Anthony Brown failed to identify the Doe defendants, entering judgment accordingly. (ECF Nos. 18, 19.) Brown filed a notice of appeal on February 16, 2024. (ECF No. 22.) On March 5 2024, the court entered an order granting Brown's motion to proceed *in forma pauperis* on appeal and requiring Brown to pay $6.61 as an initial partial filing fee. (ECF No. 28.) On May 30, 2024, Brown filed a motion to pay the appellate initial partial filing fee out of his release account. (ECF No. 29.)

The Prison Litigation Reform Act requires collection of filing fees from a "prisoner's account." 28 U.S.C. § 1915(b). The term "prisoner's account" encompasses both a prisoner's release account and his general account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-

C-798, 2014 WL 3671878 at *3 (E.D. Wis. July 23, 2014) (citing Wis. Adm. Code § DOC 309.466). While the PRLA does not prohibit the use of release accounts, leaving it to the discretion of the court, given the purpose of the release account, federal courts do not deem it prudent to focus on that account as the source of funds to satisfy the PRLA's filing fee payment requirements. *Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). However, where there are insufficient funds available in a prisoner's regular account, a prisoner's release account may be invaded to satisfy an initial partial filing fee. *See Carter v. Bennett*, 399 F. Supp. 2d 936, 936–37 (W.D. Wis. 2005).

As such, the court **GRANTS** Brown's motion (ECF No. 29) and will allow him to use his release account to pay his appellate initial partial filing fee.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where Brown is confined.

**IT IS ALSO ORDERED** that a copy of this order be electronically provided to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic case filing system.

Dated at Milwaukee, Wisconsin this 5th day of June, 2024.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge